UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKY DEAN McFARLIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>Defendants. | Case No. 3:16-CV-0365-RCJ (VPC)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is defendant's motion to dismiss for plaintiff's failure to change his address in compliance with Local Rule ("LR") IA 3-1.[1]

On October 2, 2017, the minutes of proceedings from the early mediation conference were returned by the U.S. Postal Service as undeliverable (ECF No. 20). On October 26, 2017, the defendants filed two notices with the court (ECF Nos. 22 & 23) which were also returned by the U.S. Postal Service as undeliverable (ECF No. 24, Ex. A). Most recently, plaintiff was given notice by the court at his last known address of the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) on February 22, 2018 (ECF No. 25). That notice was returned to the court by the U.S. Postal Service as undeliverable (ECF No. 26).

Plaintiff has not filed a notice of change of address with the court. In fact, plaintiff has not filed a document or had any contact with the court since the early mediation conference on

---

[1] LSR 2-2 which was cited by the defendants has been superseded by LR IA 3-1.

September 5, 2017 (ECF No. 18). LR IA 3-1 provides that the failure to "immediately file with the Court written notification of any change of address . . . may result in dismissal of the action . . . ."

Prior to dismissal for failure to follow local rules, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on the merits if the court and defendants cannot contact plaintiff, nor should the court or defendants be required to continue to try to resolve the case without the plaintiff's participation. All five factors clearly favor dismissal of this case.

Based on the foregoing and for good cause appearing, the court recommends defendants' motion to dismiss (ECF No. 24) be granted and that this case be dismissed based upon plaintiff's failure to notify the court of his change of address pursuant to LR IA 3-1.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that defendants' motion to dismiss (ECF No. 24) for plaintiff's failure to change his address in compliance with LR IA 3-1 be GRANTED.

DATED: April 5, 2018.

UNITED STATES MAGISTRATE JUDGE